IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


KATRINA E. PEDDER,                                3:11-CV- 00629 RE


                    Plaintiff,                    **OPINION AND ORDER**


        v.


**MICHAEL J. ASTRUE,**
Commissioner of Social Security,

                    Defendant.


**REDDEN**, Judge:

Plaintiff Katrina Pedder ("Pedder") brings this action to obtain judicial review of a final

decision of the Commissioner of the Social Security Administration ("Commissioner") denying

her claim for Supplemental Security Income ("SSI") benefits.  For the reasons set forth below,

the decision of the Commissioner is affirmed and this matter is dismissed.

## BACKGROUND

Born in 1982, Pedder completed high school, some college, and had aviation ordinance training in the Navy.  She  alleges disability since April 2003, due to bipolar disorder, borderline personality disorder, stomach issues, polycystic ovary syndrome, fibromyalgia, anxiety disorder, post traumatic stress disorder ("PTSD"), panic attacks, and migraines.  Her application was denied initially and upon reconsideration.  After a March 2010 hearing, an Administrative Law Judge ("ALJ") found her not disabled.  Pedder's request for review was denied, making the ALJ's decision the final decision of the Commissioner.

## ALJ's DECISION

The ALJ found Pedder had the medically determinable severe impairments of major depressive disorder, panic disorder without agoraphobia, anxiety disorder, PTSD, personality disorder, migraines, and polysubstance abuse disorder, in remission.  Tr. 16.

The ALJ determined that Pedder retained the residual functional capacity to perform a full range of work at all exertional levels, with no use of ladders, ropes, or scaffolds, no exposure to hazards, no public contact and no more than occasional contact with co-workers and supervisors.  Tr. 20.

The ALJ found that Pedder was unable to perform any past relevant work, but retained the ability to perform other work, including kitchen helper, automobile detailer, and small products assembler.  Tr. 27.

The medical records accurately set out Pedder's medical history as it relates to her claim for benefits.  The court has carefully reviewed the extensive medical record, and the parties are

familiar with it.  Accordingly, the details of those medical records will be set out below only as they are relevant to the issues before the court.

## DISCUSSION

Pedder contends that the ALJ erred by:  (1) failing to seek clarification from medical providers; and (2) formulating an inadequate residual functional capacity analysis.

## I. Duty to Develop the Record

Pedder contends that the ALJ erred by failing to contact the state agency psychological consultants for further explanation of their opinions.  Specifically, she argues that the ALJ should have sought further explanation of their opinions that Pedder would do best in an environment that is "slow-paced."  Plaintiff's Brief at 12.

The ALJ has an independent "'duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Smolen,* 80 F.3d at 1288 (quoting *Brown v. Heckler,* 713 F.2d 441, 443 (9th Cir. 1983).  The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests. *Higbee v. Sullivan,* 975 F.2d 558, 562 (9th Cir.1992).  Ambiguous evidence, or the ALJ's own finding that the record is inadequate to allow for proper evaluation of the evidence, triggers the ALJ's duty to "conduct an appropriate inquiry." *Smolen,* 80 F.3d at 1288; *Armstrong v. Commissioner of Soc. Sec. Admin.,* 160 F.3d 587, 590 (9th Cir.1998). The ALJ may discharge this duty in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record. *Tidwell v. Apfel,* 161 F.3d 599, 602 (9th Cir.1998); *Smolen,* 80 F.3d at 1288.

The ALJ did not include in Pedder's residual functional capacity finding that she required "an environment that is slow-paced." Tr. 92-92; 303. The record is not ambiguous, and the ALJ's failure to recontact the state agency psychologists was not error.

## II. <u>Residual Functional Capacity</u>

Social Security Ruling 96-8p, entitled "Policy Interpretation Ruling Titles II and XVI: Assessing Residual Functional Capacity in Initial Claims," addresses assessment of a claimant's RFC. SSR 96-8p (available at 1996 WL 374184). The Ruling defines the RFC assessment and instructs the ALJ to make findings in construing a claimant's RFC. The Ruling also instructs the ALJ to consider "all relevant evidence" in making RFC findings, and to address the claimant's exertional and nonexertional capacity. *Id.* at *5-6.

A claimant's RFC is an assessment of what a claimant can do in a work setting despite her mental or physical impairments. Here, the ALJ found that the claimant retained the RFC for work at all exertional levels, with the following non-exertional limitations: unskilled work that involves no ladders, ropes or scaffolds, no exposure to hazards, no public contact, and no more than occasional contact with coworkers or supervisors. Tr. 20.

### A. Migraines

Pedder argues that the ALJ erred by failing to include limitations arising from her migraine headaches in her RFC analysis. Pedder contends that she would miss multiple days of work each month due to migraines, noting that she went to the emergency room or urgent care eleven times in 2008 and 2009 for medication-resistant migraines.

The ALJ properly found Pedder not fully credible as to the extent, intensity, persistence, and limiting effects of her migraines. Tr. 23. The ALJ noted inconsistent reports of frequency

and that her prescribed medications were generally effective for treatment. *Id.* The ALJ stated

that problems with irritability are accommodated by the limitations to no public contact and

limited co-worker contact. Limitations arising from medication was accommodated by limits

on postural activities and exposure to hazards. When Pedder seeks urgent care for migraines, the

medication is generally effective. Tr. 344; 395; 403; 404; 434. The ALJ did not err in assessing

Pedder's migraines.

### B. Concentration, Persistence, and Pace

Pedder asserts that the ALJ's questions to the vocational expert failed to include

the limitations expressed in the ALJ's opinion. Specifically, she points to the ALJ's finding that

Pedders had "moderate" limitations in concentration, persistence, and pace, and was limited to

simple tasks. She then asserts that the ALJ failed to include findings regarding concentration,

persistence, and pace in his questions to the vocational expert.

The ALJ assessed "moderate difficulties" in Pedder's concentration, persistence, and

pace, and asked the vocational expert to consider an individual limited to "unskilled work, which

I will define as simple, routine tasks with simple instructions." Tr. 90. Though this court has

found that a restriction to "simple" tasks, without further explanation by the ALJ, does not

adequately capture a "moderate" limitation in concentration, persistence, and pace, *Berjettej v.*

*Astrue*, 2010 WL 3056799 at * 7-8 (D. Or. July 30, 2010), the Ninth Circuit previously

determined a restriction to "simple" tasks is consistent with a "moderate" limitation in

concentration, persistence, and pace if supported by the medical evidence. *Stubbs-Danielson v.*

*Astrue*, 539 F.3d 1169, 1173-74 (9th Cir. 2008); *see also Cox v. Astrue*, 2011 WL 6122954 at *9

(D. Or. Oct. 26, 2011)). Pedder makes no showing that the medical evidence does not support

the ALJ's findings regarding her "moderate" limitations.  In such circumstances, the ALJ may ask a vocational expert to consider "simple" work.  *Id.*  Therefore, Pedder fails to establish error.

## CONCLUSION

For these reasons, the ALJ's decision that Pedder is not disabled is based on correct legal standards and supported by substantial evidence.   The decision of the Commissioner is affirmed.

IT IS SO ORDERED.

Dated this ⁻2⁣1 day of September, 2012.

JAMES A. REDDEN
United States District Judge